# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Demeian Pinckney Bey, ) | Case No. 2:17-cv-2434-RMG-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Solicitor Alex Ziegler, and ) | |
| Julie Armstrong, ) | |
| ) | |
| Defendants. ) | |

Demeian P. Bey ("Plaintiff") has filed this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis*. Plaintiff is a pretrial detainee at the Sheriff Al Cannon Detention Center located in Charleston, South Carolina. Plaintiff alleges that the Defendant Clerk of Court signed a "defective" arrest warrant and that the Defendant Solicitor denied Plaintiff his due process "by failing to answer" the *pro se* Plaintiff's discovery requests in his pending state criminal case. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2) (D.S.C.), the United States Magistrate Judge is authorized to review the case initially and to submit findings and recommendations to the United States District Judge. After careful review, the Magistrate Judge recommends that the Complaint (DE# 1) be **summarily dismissed**, **with prejudice**, and without issuance and service of process, for the following reasons:

## I. Background

The Court takes judicial notice that Plaintiff has previously filed several other cases in this federal court, attempting to interfere with his pending state prosecution and attempting to sue state

court officials, judges, and prosecutors for monetary damages.[1] Those federal cases have been summarily dismissed. *See Bey v. Ziegler, et al.*, Case No. 2:17-cv-76-RMG-MGB, filed 01/10/17, closed 03/08/17; and *Bey v. Jefferson, et al.,* Case No. 2:17-cv-1007-RMG-MGB, filed 04/18/2017, closed 05/11/2017. Facts from those cases provide relevant context for the present case.

The record reflects that Plaintiff received a written notice in December of 2016 from the state court indicating that he had been "placed on the Guilty Plea Docket for the week of January 9, 2017." (*See Bey v. Ziegler, et al.*, Case No. 2:17-cv-76-RMG-MGB, DE# 1-1 at 1). The notice instructed Plaintiff to "call this office on the Friday before the plea week in order to determine the exact date and time you are scheduled to appear." (*Id.*). Plaintiff failed to do so. Plaintiff subsequently failed to appear to enter his guilty plea. A bench warrant was issued for his arrest. Plaintiff was arrested and detained in state custody.

Prior to his arrest on the bench warrant, Plaintiff filed suit on January 10, 2017 against several state prosecutors (Scarlett Wilson, Solicitor, and Alex Ziegler, Assistant Solicitor); and 2) and a state court Clerk of Court (Julie Armstrong). Plaintiff claimed that, based on the state court's written notice, the Defendants had "wilfully deprived me of my rights by failing to give me due process of law, violating U.S. Codes Title 18, 241-242, Treaty of Peace and Friendship, and civil rights and international violations." (See Case No. 2:17-cv-76-RMG-MGB, DE# 1 at 1, ¶ III, "Statement of Claim"). Plaintiff attached nonsensical documents in which he asserted the frivolous theory that he was "Moorish Nation" and immune from prosecution as a sovereign. The documents

---

[1] This Court may properly take judicial notice of Plaintiff's prior cases. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989) ("We note that the most frequent use of judicial notice is in noticing the content of court records."); *and see, e.g., Assa'ad-Faltas v. South Carolina*, 2012 WL 6103204 (D.S.C. Nov. 14, 2012), *adopted by* 2012 WL 6106421 (D.S.C. Dec. 10, 2012) (observing that a court has "the right to take notice of its own files and records"), *appeal dism'd* (4th Cir. June 26, 2013).

incomprehensibly referred to the Uniform Commercial Code ("UCC"), Hague Convention, and "Moorish Divine and National Movement of the World." (*Id*., DE# 1-1 at 2-19). Plaintiff filed a self-styled "Judicial Notice and Proclamation" pledging his "National, Political, and Spiritual Allegiance to my Moabite/Moorish Nation" and proclaiming that he had "the internationally recognized rights to determine own Status of the State absent of threat, coercion, or acquiescence to a Color-of-Law, a Color-of-Office, nor to be subjected to any imposed Color-of-Authority." (*Id*. at 13). Plaintiff's federal case was summarily dismissed on March 8, 2017. (*Id*., DE#14, Order of Dismissal).

On April 18, 2017, while detained, Plaintiff filed another federal lawsuit, again attempting to proceed on the same frivolous theory that he is "Moorish Nation" (and/or a "Sovereign Citizen") and that the state court therefore lacked jurisdiction to prosecute him on criminal charges. *See Bey v. Jefferson, et al.,* Case No. 2:17-cv-1007-RMG-MGB. As before, Plaintiff cited various statutes and treaties that had no discernible relevance. He attached a 22-page document that purported to be a "Legal Notice of Removal from Municipal Court to Federal Court Pursuant to Tile 28 U.S.C. § 1441-1446" (*Id*., DE# 1-1). Such document made nonsensical arguments and appeared to be another improper attempt to interfere with his state criminal prosecution and obtain release. Plaintiff relied on the "Treaty of Peace and Friendship 20, 21, Title 22 U.S.C. § 1590, Title 18 241, 242, US Constitution Articile (sic) 4, 5, 6, The Rights of Indigenous Article 11,15, 2, 14, 24, 8, 3, 4, 2, 6." (DE#1 at 3, ¶ II). Such case was summarily dismissed with prejudice on May 11, 2017. (*Id*., DE# 17, Order and Opinion).

**II. The Present Lawsuit**

On September 18, 2017, while detained, Plaintiff also filed the present action pursuant to 42 U.S.C. § 1983, alleging that the Defendant Clerk of Court had signed a "defective" warrant for

Plaintiff's arrest and that the Defendant Solicitor had denied "due process" by failing to answer the *pro se* Plaintiff's discovery requests in the pending state prosecution of Plaintiff.

Plaintiff sues two defendants: 1) Alex Ziegler (Assistant Solicitor) and Julie Armstrong (Clerk of Court). (DE# 1). As for Plaintiff, court records indicate his birth name is Damien Lamont Pinckney. See Case 2:17-cv-76-RMG-MGB. Plaintiff is being prosecuted under that name in state court. Although Plaintiff filed the present case using his "Moorish" name, a public records check indicates that a bench warrant was issued for Plaintiff under his actual name on January 11, 2017 for his failure to appear on state criminal charges. [2] Plaintiff was surrendered by the bond surety on February 10, 2017 and was booked into detention on that date.

For relief, the Plaintiff indicates that he wants this Court to: 1) dismiss the pending state criminal charges against him; and 2) award monetary damages in the amount of $75,000.00. (DE# 1 at 7, ¶ VI "Relief"). Plaintiff indicates that he does not wish to "seek any criminal charges" against the Defendants. (*Id.* at 7).

## III. Standard of Review

### A. Liberal Construction for *Pro se* Filings

Courts will liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), and hold them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). The liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a complaint to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that a court can ignore a clear failure

---

[2] See https://berkeleycountysc.gov/drupal/inmatelookup.

in the pleading to allege facts that set forth a cognizable claim. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### B. <u>Initial Review of IFP Cases</u>

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed this *pro se* prisoner complaint pursuant to 28 U.S.C. § 1915 and in light of the following cases: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

Title 28 U.S.C.A. § 1915(e) governs IFP filings and authorizes a district court to dismiss an action that the court finds to be frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B)(i-iii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under 28 U.S.C. §1915(e)(2)(B). *Neitzke*, 490 U.S. at 319. The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id*. at 326.

As for a failure to state a claim, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although *pro se* complaints are liberally construed, a plaintiff must do more than make vague and conclusory statements to state a claim for relief. *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995). A plaintiff must allege facts that actually support a plausible claim for relief. *Iqbal*, 556 U.S. at 678.

### C. The PLRA's 3-strike provision

The PLRA, at 28 U.S.C. § 1915(g), provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*See McLean v. United States*, 566 F.3d 391, 404 (2009). "[I]f a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed IFP but rather must pay up-front all filing fees for his subsequent suits." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir. 2013), as amended (Oct. 22, 2013). This means that, after receiving three strikes, plaintiff will have to pay the full filing fee for almost any future non-habeas civil action he might wish to file. *Id*. at 610.

In his present Complaint, Plaintiff checks the box indicating he has no prior strikes. This is not accurate. The record reflects that he has received at least one strike this year. See *Bey v. Jefferson, et al.,* Case No. 2:17-cv-1007-RMG-MGB, DE# 17 at 4, "The Court finds that the complaint is a frivolous filing and therefore counts as a strike under 28 U.S.C. § 1915(g)."). Plaintiff is warned that if he continues to file pleadings that are frivolous or malicious, or fail to state a claim for which relief may be granted, he risks the accumulation of three strikes against him and the resulting denial of future requests for IFP status, absent exceptional circumstances.

### III. Discussion

Review of the Complaint reflects multiple reasons why summary dismissal is appropriate.

### A. Plaintiff May Not Interfere with a Pending State Prosecution

The state court issued a bench warrant on January 11, 2017 for Plaintiff under his given name on January 11, 2017. The arrest warrant was issued for Plaintiff's failure to appear on state criminal charges of "Drugs/MDP, Narcotic drugs in Sch. I(b) & (c), LSD, and Sched. II (Cocaine)."[3] See Charleston County Court of Common Pleas Case No. 2015-A-1021-195.[4] Plaintiff asserts that he is not "Demeian Lamont Pinckney" but rather, "Demeian Pinckney Bey" (his "Moorish" name), and therefore the arrest warrant did not particularly describe "the person to be seized." (DE# 1 at 4-5). Plaintiff alleges that his arrest warrant was therefore "defective," and he seeks dismissal of pending state criminal charges against him on such basis. Plaintiff's argument is patently frivolous. Moreover, Plaintiff may not seek release or otherwise interfere with a pending state criminal prosecution by means of this § 1983 action. *See Younger v. Harris*, 401 U.S. 37, 45 (1971) (holding that plaintiff was not entitled to federal court equitable relief against prosecution in state court where the injury which he faced was solely that incidental to every criminal proceeding brought lawfully and in good faith).

If Plaintiff is convicted on the present charges in state court, he may not collaterally challenge such conviction by means of a §1983 action. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Griffin v. Baltimore Police Dept.*, 804 F.3d 692, 695 (4th Cir. 2015) (reiterating that habeas corpus, not § 1983, is the exclusive federal remedy for state prisoners seeking release from confinement). A § 1983 suit for monetary damages is barred if prevailing in the action would necessarily require the plaintiff to prove the unlawfulness of his conviction *Id.* at 486-87; *Muhammad v. Close*, 540 U.S. 749, 751 (2004) ("where success in a prisoner's § 1983 damages

---

[3] See http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.

[4] See http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails. State records reflect that Plaintiff has past criminal drug charges and convictions. See Case No. K300659 (trafficking cocaine, plead guilty 11/19/2008, sentenced to five years); and Case No. K341360 (PWID. distributing cocaine/LSD/ other," plead guilty, sentenced to five years).

action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence."). If Plaintiff desires to challenge a state conviction, he would have to file a habeas petition pursuant to 28 U.S.C. § 2254 after exhaustion of state remedies. *Muhammed,* 540 U.S. at 750.

### B. Prosecutorial Immunity

Plaintiff seeks monetary damages from the Defendants. (DE# 1 at 7, ¶ VI "Relief"). However, prosecutors (such as Assistant Solicitor Ziegler) are immune from claims for monetary damages under § 1983 for acts taken in their prosecutorial role. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (prosecutors have immunity for performing functions "intimately associated with the judicial phase of the criminal process"); *Nivens v. Gilchrist*, 444 F.3d 237, 249-50 (4th Cir. 2006), *cert. denied*, 539 U.S. 915 (2003). Here, Plaintiff complains that the prosecutor did not answer the *pro se* Plaintiff's "discovery" requests in the pending state prosecution. Assistant Solicitor Ziegler has immunity for his participation in such court proceedings. *See Redden v. McMaster*, Case No. 8:08-2845-CMC-BHH, 2008 WL 4458877, *3 (D.S.C. Sept. 29, 2008) (prosecutors "have absolute immunity for activities in or connected with judicial proceedings"), *aff'd by* 313 F.App'x 654 (4th Cir. Feb. 26, 2009). Thus, Plaintiff's claim against the Defendant Solicitor is subject to summary dismissal. Plaintiff does not ask for any injunctive relief. To the extent Plaintiff seeks release from prison, such relief is not an available remedy under § 1983.

### C. Quasi-Judicial Immunity for Clerk of Court

Plaintiff complains that Defendant Julie Armstrong (Clerk of Court) issued the bench warrant for his arrest. She is entitled to quasi-judicial immunity for any such judicially-related acts performed for the state court. *See, e.g., Wymore v. Green*, 245 F. App'x 780, 783 (10th Cir. 2007) (affirming grant of absolute quasi-judicial immunity to the state clerk of court for performance of judicially-related duties), *cert. denied*, 552 U.S. 1194 (2008); *and see Martin v. Rush*, Case No. 13–693, 2013 WL 2285948, *5 (D.S.C. May 23, 2013) (applying quasi-judicial immunity to clerk of court); *Robinson v. McBride*, Case No. 3:13–cv-352-TLW-TER, 2013 WL 2099491, *4 (D.S.C. 2013) (same), *adopted*, 2013 WL 2099707 (D.S.C. May 14, 2013*), aff'd*, 540 F. App'x 212 (4th Cir. 2013).

County clerks of court are part of the State of South Carolina's unified judicial system. See S.C. Const. Article V, § 24; §§ 14–1–40, 14–17–10, South Carolina Code of Laws (as amended). Absolute judicial immunity extends to persons other than judges when performance of judicial acts or activities as official judicial aides are involved and is referred to as quasi-judicial immunity. *See Abebe v. Propes*, Case No. 0:11–1215–MBS–PJG, 2011 WL 2581385, *3 (D.S.C. June 3, 2011) (collecting cases), *adopted by*, 2011 WL 2600593 (D.S.C. June 29, 2011); *Taylor v. Brooks*, Case No. 3:15-cv-1138-RMG-MGB, 2015 WL 4274834 (D.S.C. July 14, 2015), *affirmed* 627 F. App'x 206, 2015 WL 9287065 (4th Cir. Dec. 22, 2015), *cert. denied*, 137 S.Ct. 183 (2016). Such immunity applies to court personnel because of the "danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993). Hence, Defendant Julie Armstrong (Clerk of Court) is entitled to quasi-judicial immunity for performing her official duties for the state court.

D. **Sovereign Immunity**

To the extent Plaintiff is seeking any monetary damages from state officials in their official capacity, they are immune from such relief under the Eleventh Amendment of the United States Constitution. Sovereign immunity protects the State itself, as well as its agencies, divisions, departments, officials, and other "arms of the State." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989) (explaining that a suit against a state official in his official capacity is "no different from a suit against the State itself"); *see also, e.g., Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996). Based on sovereign immunity, the Defendants state officials in their official capacities should be dismissed as parties.

### E. Complaint's Allegations Fail to State a Claim for Relief

To state a § 1983 claim, a plaintiff must allege facts indicating: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While a complaint need not expressly invoke § 1983 as the legal theory for a plaintiff's claim, the United States Supreme Court has instructed that a complaint "must plead facts sufficient to show that [a] claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S.Ct. 346 (2015) (citing *Iqbal*, 556 U.S. at 676–77). The present Complaint fails to meet this minimal pleading standard.

Plaintiff's allegation that the Defendants violated his constitutional right to due process is based on a mischaracterization of the facts and a misapprehension of the law. Plaintiff's "Statement of the Claim" is entirely conclusory. (DE# 1 at 6). Although Plaintiff alleges the arrest warrant was defective and the prosecutor did not answer the *pro se* Plaintiff's discovery requests in the criminal prosecution, these conclusory allegations fail to state any sort of plausible claim for violation of any constitutional rights. The United States Supreme Court has made it clear that more than conclusory statements are required to state a plausible claim. *Iqbal*, 556 U.S. at 677–79. The

present Complaint states facts that simply do not amount to any sort of constitutional violation. Although courts give "liberal construction" to *pro se* pleadings, the Fourth Circuit Court of Appeals has instructed that courts should not "ignore a petitioner's clear failure to allege facts that set forth a cognizable claim." *Wilson*, 699 F.3d at 797. Summary dismissal is appropriate here.

### F. Any Claims Based on "Moorish Nation" Theory are Frivolous

If Plaintiff is attempting to assert that he is not subject to law or is personally immune from prosecution by virtue of his self-proclaimed membership in the Moorish Nation (or by using a "Moorish" name), such assertions fail to state a plausible claim for relief and are patently frivolous. *See, e.g., Bey v. Hillside Twp. Municipal Court*, 2012 WL 714575, *6 (D.N.J. March 5, 2012) ("Any claims or arguments raised by Plaintiff which are based on his membership in the Moorish American Nation are [by definition] frivolous."). It is well-recognized "that such organizations as the Moorish American Nation and [similar imaginary creations…are notorious organizations of scofflaws and ne'er-do-wells who attempt to benefit from the protections of federal and state law while simultaneously proclaiming their independence from and total lack of responsibility under those same laws." *El-Bey v. United States*, 2009 WL 1019999 (M.D.N.C. Jan. 26, 2009). No amendment would cure such deficiency. Summary dismissal is appropriate.

## IV. Conclusion

In sum, the Complaint should be dismissed because it: 1) appears to be another improper attempt by Plaintiff to interfere with his pending state prosecution; 2) asserts arguments based on a frivolous "Moorish Nation" theory; 3) alleges facts that simply do not amount to any sort of violation of any constitutional right; 4) sues an Assistant Solicitor protected by prosecutorial immunity for performing prosecutorial duties; 5) sues a Clerk of Court protected by quasi-judicial immunity for performing judicially-related acts for the court; 6) sues state officials protected by

sovereign immunity in their official capacity, and 7) appears to seek relief that is not appropriate in this § 1983 action (i.e. release from custody and/or dismissal of state criminal charges). As the Complaint fails to state a plausible claim for relief, asserts frivolous claims, and sues Defendants protected by immunity, the Complaint is subject to summary dismissal. As the Complaint is entirely dismissible for enumerated reasons under 28 U.S.C. § 1915(g) (i.e. for failure to state a claim and for frivolity), this dismissal should count as a strike.

## V. Recommendation

Accordingly, the Magistrate Judge recommends that 1) the Complaint (DE# 1) should be **summarily dismissed** with prejudice, and without issuance and service of process; and 2) this dismissal should count as a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

September 25, 2017
Charleston, South Carolina

Plaintiff's attention is directed to the **Important Warning** on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>**Robin L. Blume, Clerk**
>**United States District Court**
>**Post Office Box 835**
>**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).