**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

RECEIVED CLERK'S OFFICE

2017 OCT 23 A 8:48

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

| | | |
|---|---|---|
| Demeian Pinckney Bey, | ) | Case No.: 2:17-cv-2434 |
| | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER AND OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| Solicitor Alex Ziegler and | ) | |
| Julie Armstrong, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the

Magistrate Judge (Dkt. No. 8) recommending that Plaintiff's Complaint (Dkt. No. 1) be

summarily dismissed with prejudice and without issuance of service of process. For the reasons

set forth below, this Court adopts the R. & R. as the order of the Court.

## I.    Background and Relevant Facts

Plaintiff Demeian Pinckney Bey filed this civil action pursuant to 42 U.S.C. § 1983.

Plaintiff is proceeding *pro se* and *in forma pauperis*. Plaintiff was a pretrial detainee at the

Sheriff Al Cannon Detention Center located in Charleston, South Carolina when he filed his

Complaint. Plaintiff alleges that the Defendant Clerk of Court signed a "defective" arrest warrant

and that the Defendant Solicitor denied Plaintiff his due process "by failing to answer" Plaintiff's

discovery requests in his pending state criminal case. The Charleston County Sheriff's Office

website shows that Plaintiff was released on September 13, 2017, about five days after he filed

the instant Complaint.

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. Discussion

The Magistrate Judge has explained in the R. & R. that this matter should be summarily dismissed because it is frivolous and fails to state a claim on which relief may be granted. The Magistrate Judge mailed the R. & R. to Plaintiff on September 25, 2017, but the mailing was returned as undeliverable. (Dkt. Nos. 9, 10.) The Charleston County Sheriff's Office website shows that Plaintiff was released on September 13, 2017, about five days after he filed the instant Complaint. The Magistrate previously issued an order explaining that Plaintiff was responsible for notifying the Court of any change in address and that his case could be dismissed for his

failure to do so. (Dkt. No. 6.) Plaintiff likely did not receive that notice as he was released from the detention center on September 13, 2017. Nonetheless, Plaintiff acknowledged when he submitted his initial Complaint that "I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case." (Dkt. No. 1 at 13.) Plaintiff has failed to notify the Clerk's Office of his current address since his release from the Sheriff Al Cannon Detention Center on September 13, 2017.

Objections to the R. & R. were due by October 13, 2017. No party has filed Objections to the R. & R. In the absence of any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). This Court finds that the Magistrate Judge has correctly applied the controlling law to the facts of this case.

## IV. Conclusion

For the reasons set forth above, this Court adopts the R. & R. (Dkt. No. 8) as the order of the Court. Plaintiff's Complaint is dismissed with prejudice and without issuance of service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October ___20___ , 2017
Charleston, South Carolina